IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

PACKAGING ACQUISITION                )
CORPORATION,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        Civil Action No.: 02-PT-1604-M
                                      )
GUS KING, et al.,                     )
                                      )
        Defendant.                    )

**ENTERED**

DEC 1 0 2002

## MEMORANDUM OPINION

This cause comes on to be heard upon Defendants Gus King ("King"), Dennis Hicks

("Hicks"), AMCOPAC, Inc. ("AMCOPAC"), and PACMASTERS, Inc.'s ("PACMASTERS")

(collectively "Defendants") Motion to Dismiss, filed on October 15, 2002.

## FACTS AND PROCEDURAL HISTORY[1]

Plaintiff Packaging Acquisition Corporation ("Packaging") is a corporation organized

under the laws of the State of Georgia with its principal place of business in Georgia. *See*

Compl. at ¶ 1. Defendants AMCOPAC and PACMASTERS are corporations organized under

the laws of the State of Alabama. *See* Compl. at ¶¶ 4-5. At all times relevant to this action, the

two companies were engaged in the business of manufacturing and selling flexible packaging

materials. *See* Compl. at ¶ 12. Defendants King and Hicks are both residents of the State of

Alabama. *See* Compl. at ¶¶ 2-3.

As of May 19, 2000, King and Hicks owned all of the outstanding shares of AMCOPAC

---

[1]For purposes of this motion, the factual allegations in the complaint will be taken as true.



and PACMASTERS. *See* Compl. at ¶¶ 10-11.[2] On or about May 19, 2000, AMPAC Acquisition

Corporation and Printmasters Acquisition Corporation ("the Purchasers") entered into separate

Asset Purchase Agreements with AMPAC, Inc. and Printmasters, Inc., respectively. *See* Compl.

at ¶ 9. The two agreements called for the sale of substantially all of the two companies' assets.

*Id.* At the time, Packaging was a majority shareholder of the Purchasers. *See* Compl. at ¶ 13.

In Article 5 of both Asset Purchase Agreements, Defendants made various

representations and warranties with respect to, among other things, the accuracy of the financial

statements and other information, and with respect to the status of the assets to be purchased and

the operations. *See* Compl. at ¶¶ 15-16.[3] In both Asset Purchase Agreements, Packaging was

expressly indemnified against any harm resulting from a breach of any representation or

warranty made by Defendants. *See* Compl. at ¶ 14. Packaging filed this lawsuit alleging that

numerous of the representations and warranties "were false, misleading, incorrect, incomplete, or

otherwise inaccurate, in violation of the covenants." *See* Compl. at ¶ 17.

Defendants, prior to the filing of this lawsuit, had already filed a lawsuit against

Packaging[4] in the Circuit Court of Marshall County, Alabama ("state court action"). The state

court action surrounds Packaging's alleged violation of the same Assets Purchase Agreements.

That lawsuit was filed on May 20, 2002. *See* Def. Motion at 2. Packaging has filed an answer in

the state court action. *Id.* at 3.

---

[2]At the time, AMCOPAC and PACMASTERS were known as AMPAC, Inc. and Printmasters, Inc., respectively. *See* Compl. at ¶ 9.

[3]King and Hicks were parties to both Asset Purchase Agreements. AMCOPAC and PACMASTERS were party to their specific Asset Purchase Agreement only. *See* Compl. at ¶¶ 15-16.

[4]Multiple other parties, some of which are Alabama citizens, were named as defendants in the state-court action. *See* Def. Motion at 2.

## LEGAL STANDARD

Defendants seek to have this lawsuit dismissed under Federal Rule of Civil Procedure 9(b) and/or Rule 12(b)(6).

### I. Rule 9(b)

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants against 'spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988) (citation omitted). The application of Rule 9(b), however, "must not abrogate the concept of notice pleading." *Id.* at 1511. Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997).

### II. Rule 12(b)(6)

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v.*

3

*County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989).  Dismissal under

Rule 12(b)(6) is appropriate "'only if it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations' of the complaint."  *Rendon v.*

*Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (citing *Hishon v. King &*

*Spalding*, 467 U.S. 69, 73 (1984)).

## ARGUMENTS

### I.  Rule 9(b)

Defendants argue that under Rule 9(b), a plaintiff alleging fraud must show, at a

minimum, who made the statement, the time, place, and content of the statement, the resulting

injury, and the method of communication.  *See* 2 James Wm. Moore et al., Moore's Federal

Practice ¶ 9.03[1][b] (3d ed. 1997).  Here, all that Packaging alleged was that Defendants

"jointly and severally made various representations and warranties with respect to, among other

things, the accuracy of the financial statements and other information provided to [Packaging],

and with respect to the status of the assets to be purchased and the operations."  *See* Compl. at ¶¶

15-16.  According to the Defendants, this statement is clearly inadequate to satisfy Rule 9(b);

thus, to the extent that Packaging's cause of action in based upon fraud, the case must be

dismissed.

In response, Packaging argues that it is not making a fraud claim, but rather is alleging

breach of contract, *see* Compl. at ¶¶ 15-17, and that state law claims for breach of contract are

not subject to Rule 9(b).  *Sturm v. Marriott Marquis Corp.*, 26 F. Supp. 2d 1358, 1372 (N.D. Ga.

1998).  This is true even when the breach of contract action is based on a breach of

representations and warranties. *See Prof'l Serv. Indus., Inc. v. Kimbrell*, 766 F. Supp. 1557 (D.

4

Kan. 1991).  Rule 9(b) does not provide a basis for dismissal.

In reply, Defendants note that the Complaint in this case states that Defendants made "misrepresentations" that were "false, misleading, incorrect, incomplete, or otherwise inaccurate." *See* Compl. at ¶ 17.  Thus, Defendants argue, by its very terms the Complaint asserts allegations of misrepresentation and mistake, both of which are expressly governed by Rule 9(b).

## II.  Rule 12(b)(6)

Defendants also assert that Packaging has failed to state a claim for which relief can be granted, because the action is barred by the statute of limitations.  According to Defendants, the statute of limitations for a fraud action is two years.  Ala. Code § 6-2-38(1).  A fraud claim accrues upon "discovery of the fraud." *Fabre v. State Farm Mut. Auto Ins. Co.*, 624 So. 2d 167, 168 (Ala. 1993).  "Discovery" in turn occurs when a plaintiff learns of should have learned of facts which, upon examination, would lead to the discovery of the claim. *See Parsons Steel, Inc. v. Beasley*, 522 So. 2d 253, 256 (Ala. 1988).  Discovery is governed by a "reasonable person" standard. *Burns v. Sealy Ins. Agency, Inc.*, 545 So. 2d 763, 766 (Ala. 1989).  Defendants also note that "reasonableness" may be decided as a matter of law in an appropriate case. *Nolan v. Melton*, 740 So. 2d 1096, 1098 (Ala. Civ. App. 1999).  According to Defendants, Packaging did, or should have, discovered the facts underlying the alleged fraud no later than March 19, 2000, the date on which the Asset Purchase Agreements were executed.[5]  Since this action was not filed until July 2, 2002, it is barred by the statute of limitations.

---

[5]The Complaint states that the Asset Purchase Agreements were executed on May 19, 2000. *See also* Pl. Exs. A-B.  However, the date, for purposes of this argument, is irrelevant because under either date the statute of limitations period would have expired.

5

In response, Packaging, as noted above, asserts that it is making a breach of contract claim, not a fraud claim. Thus, the statute of limitations for fraud actions cited by Defendants is inapplicable to this case, and should not be the basis for a Rule 12(b)(6) dismissal.[6]

In reply, Defendants argue that if this is in fact a breach of contract claim, the case should nonetheless be dismissed. First, the Complaint fails to identify a contract to which Packaging was a party. *See Airlines Reporting Corp. v. Higginbotham*, 643 So. 2d 952 (Ala. 1994) ("It is well settled that one that is not a party to, or in privity with, a contract cannot sue for its breach."). Packaging was not a signatory to, or even mentioned in, the Asset Purchasing Agreements, *see* Pl. Exs. A-B, even though it claims it was "expressly indemnified" under the Agreements. *See* Compl. at ¶ 14.

Defendants also argue that Packaging does not have standing to bring a breach of contract claim. Packaging asserts that it is the majority shareholder of the parties to the Asset Purchasing Agreements, *see* Pl. Br. at 4, but the fact is that Packaging no longer has any interest in either entity. *See* Def. Reply Ex. 2 (Bankruptcy Order). Packaging simply cannot bring this breach of contract action, and therefore the case should be dismissed.[7]

## III. Deference to the Pending State Court Action

As a third alternative for dismissal, Defendants argue that the court should abstain from proceeding in this action and defer to the pending state court action in Marshall County,

---

[6]In a recorded phone conference, Packaging again disavowed the bringing of a fraud action. Thus, any arguments directed to fraud as a cause of action are moot.

[7]Defendants also argue in reply that even if Packaging was a shareholder, shareholders cannot bring suits to enforce contracts of the corporation. *See McLaughlin v. Pannell Kerr Forster*, 589 So. 2d 143, 144 (Ala. 1991). Defendants further argue that Packaging has failed to comply with the derivative action requirements of Federal Rule of Civil Procedure 23.1.

6

Alabama.  Federal courts may abstain in the face of duplicative state court proceedings only

when "exceptional" circumstances exist.  *Colorado River Water Conservation Dist. v. United

States*, 424 U.S. 800, 818 (1975).  The abstention doctrine rests "on considerations of '[w]ise

judicial administration, giving regard to conservation of judicial resources and comprehensive

disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (citation omitted).[8]  The Supreme

Court has articulated five factors for courts to consider when deciding whether to abstain from a

case: (1) the first court to assume jurisdiction over property, (2) the inconvenience of the federal

forum, (3) the desirability of avoiding piecemeal litigation, (4) the relative progress of the two

forums, and (5) whether federal law provides the rule of decision on the merits.  *Colorado River*,

424 U.S. at 817-20.  According to Defendants, weighing these factors justifies a stay or dismissal

of this action in favor of the state court action.[9]

Defendants argue that the first *Colorado River* factor is easily satisfied because it is

undisputed that the state court action was filed roughly two months prior to this lawsuit; thus, the

Circuit Court of Marshall County exercised jurisdiction over the matter first.  The second factor,

Defendants argue, is not really at issue in this case.  The third factor, Defendants assert, also

favors abstention, because this court does not have jurisdiction over all the disputes of all the

parties, and separate rulings by this court and the state court could produce conflicting results.

Factor four also favor Defendants, they argue.  The state court action has progressed further than

---

[8]According to Defendants, there must be a parallel state proceeding for the abstention doctrine to apply.
Suits are "parallel" if substantially the same parties litigate substantially the same issues in different forums.  *See
New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991).  Here, Defendants argue,
the two lawsuits clearly involve substantially the same parties and issues.

[9]Defendants, as an aside, argue that Packaging is simply trying to forum shop what would otherwise be a
compulsory counterclaim under Alabama Rule of Civil Procedure 13(a).  The original state court action could not be
removed because of lack of complete diversity among the parties.

this action, as more pleadings and motions have been filed, and hearings have been held. Finally, Defendants note that state law will provide the rule of decision, titling the fifth *Colorado River* factor in its favor.

In response, Packaging notes that both Asset Purchasing Agreements expressly provide that any action arising from the agreement *must* be brought in federal court in the Northern District of Alabama. *See* Pl. Ex. A at ¶ 15.9; Ex. B at ¶ 15.9. Packaging also notes that it would have removed the state court action but for the fact that the Defendants named their previous attorney and his firm as defendants, thus destroying complete diversity. Packaging has filed a motion to dismiss in the state court action, seeking to enforce the forum selection clause. *See* Pl. Ex. D. Under these circumstances, Packaging argues, the abstention doctrine should not be available to the Defendants.

However, even if the abstention doctrine is available, Packaging argues, the court should not invoke it here. Packaging notes that the general rule is that "the pendency of a state court proceeding is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282 (1910). While the Supreme Court did recognize a limited exception in *Colorado River*, that exception should not be invoked unless "there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify surrender of [federal] jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983). Courts should examine these factors "with the balance heavily weighed in favor of the exercise of jurisdiction." *Id.* at 16. Packaging argues that there are no "exceptional circumstances" justifying abstention in this case.

The first factor, Packaging asserts, is in fact not applicable, because there is no property

8

for the court to assume jurisdiction over. *See Nobel Ins. Group v. First Nat'l Bank of Brundidge*, 50 F. Supp. 2d 1215, 1218 (M.D. Ala. 1999) ("The first factor . . . is inapplicable as a factor in this case because the underlying dispute sounds in contract and tort, and there is no specific property involved in this case."). Packaging asserts that the second factor, inconvenience of the forum, is applicable, in light of the forum selection clause. For the third factor, Packaging contends that there will be no piecemeal litigation, because the Alabama defendants in the state court action were not parties to the contract at issue here. The fourth factor is neutral, Packaging argues, because no discovery has been taken, *see* Pl. Ex. E, and no major expenses incurred. Both cases are at the relatively early stages of the litigation process. Finally, while Packaging concedes that state law will provide the rule of decision, it argues that this factor does not weigh heavily in Defendants' favor, because this case does not involve a complex issue of state law. *See Noonan South, Inc. v. Volusia County*, 841 F.2d 380, 382 (11th Cir. 1988).

In reply, Defendants note that while there is no property at issue in *this* case, there is property at issue in the state court action. *See* Pl. Ex. C at ¶ 16. Defendants also seek an equitable trust over certain assets as well. Thus, they argue, the first factor does weight heavily in Defendants' favor. As to the second factor, Defendants note that the state court has, at this point, refused to enforce the forum selection provision that Packaging so heavily relies on (*See* Pl. Reply Ex. 1) and, moreover, all of the documents, records, etc. are located in Marshall County, making it the more convenient forum. Regarding the third factor, avoiding piecemeal litigation, Defendants note that there is already a threat of an inconsistent judgement, as the state court has refused to enforce the forum selection clause while at the same time Packaging seeks to enforce the clause in this court. Defendants also assert that Packaging will have to assert this

very same claim as a compulsory counterclaim in the state court action, resulting in two courts ruling on the same lawsuit. For the fourth factor, Defendants note that in the state court action (1) all defendants have appeared and filed answers, (2) a motion to dismiss has been briefed and decided, (3) discovery has been served, and (4) the case has been set on the calendar. No such actions have been taken here, as the case is still in the preliminary stages. As to the fifth factor, Defendants note that in the state court action, they have alleged multiple causes of action and asked the court for equitable relief and punitive damages. This case is simply more complex than Packaging admits.[10]

### CONCLUSIONS OF THE COURT

Packaging having disavowed a fraud claim, it may be that Rule 9(b) is inapplicable. On the other hand, since the essence of Packaging's contract claim is that there were misrepresentations that have caused damage to Packaging, even "notice pleading" would require that Packaging be required to give notice to the Defendants of what specific representations, etc., have been breached and how any such breaches have caused damage to Packaging. In effect, Packaging should amend its Complaint to specifically allege these matters. If there are alleged misrepresentations other than those in the contract, the time, place, and manner of same should be specifically alleged. Packaging should also allege in what manner it relied on any such misrepresentations, etc., to its damage. Packaging will be allowed fifteen (15) days to amend.

The court rejects Defendants' *Colorado River* argument. In addition to Packaging's arguments stated above, the court further specifically notes that the state court proceeding has parties not named in this action which precluded removal by Packaging. Further, while the

---

[10]As an alternative, Defendants ask the court to stay the case pending the outcome of the state court action.

forum clause would have no application to other parties in the state court action, it has particular relevance as to the Parties here.  Also, the state court action has tort claims against other parties apparently not directly applicable to the contract claims here.  There is no "exceptional" reason to apply *Colorado River*.

Defendants raise other issues relating to bankruptcy, etc., which can be more appropriately addressed in an answer, motion for summary judgment, etc.  Apparently (not now decided however), Packaging bases its standing on its position as a stockholder at the time of the subject contracts.  There may well be an issue as to if and when it lost that status, and if so, the effect thereof.

This _____ day of December, 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

11