IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| PACKAGING ACQUISITION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 02-PT-1604-M |
| GUS KING, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon Gus King's ("King"), Dennis Hicks's ("Hicks"), AMCOPAC, Inc.'s, ("AMCOPAC"), and Pacmasters, Inc.'s ("Pacmasters") (collectively "Defendants") Motion to Dismiss with Prejudice Plaintiff's First Amended Complaint, filed on July 11, 2003.

**FACTS AND PROCEDURAL HISTORY[1]**

Plaintiff Packaging Acquisition Corporation ("Packaging") is a corporation organized under the laws of the State of Georgia with its principal place of business in Georgia. *See* Amend. Compl. at ¶ 1. Defendants AMCOPAC (formerly AMPAC, Inc.) and Pacmasters (formerly Printmasters, Inc.) are corporations organized under the laws of the State of Alabama.[2] *See* Amend. Compl. at ¶¶ 4-5. At all times relevant to this action, AMPAC, Inc., and Printmasters, Inc., were engaged in the business of manufacturing and selling flexible packaging

---

[1] For purposes of this motion, the factual allegations in the complaint will be taken as true.

[2] At the time of the Asset Purchase Agreements, AMCOPAC and Pacmasters were known as AMPAC, Inc., and Printmasters, Inc., respectively. *See* Amend. Compl. at ¶ 9. AMPAC, Inc., and Printmasters, Inc., changed their names subsequent to the asset purchases. *Id.*

materials. *See* Amend. Compl. at ¶ 12. Defendants King and Hicks are both residents of the State of Alabama. *See* Amend. Compl. at ¶¶ 2-3.

As of May 19, 2000, King and Hicks were majority shareholders of AMPAC, Inc., and owned all of the outstanding shares of Printmasters, Inc.. *See* Amend. Compl. at ¶¶ 10-11. On or about May 19, 2000, AMPAC Acquisition Corporation and Printmasters Acquisition Corporation ("the Purchasers") entered into separate Asset Purchase Agreements with AMPAC, Inc. and Printmasters, Inc., respectively. *See* Amend. Compl. at ¶ 9.[3] The two agreements called for the sale of substantially all of the latter two companies' assets. *Id.* At the time, Packaging was the sole shareholder of the Purchasers. *See* Amend. Compl. at ¶ 13. Both Asset Purchase Agreements expressly indemnified Packaging against any harm resulting from breach of defendants' representations and warranties. *See* Amend. Compl. at ¶ 14.

On July 1, 2002, Packaging filed its initial complaint. On October 15, 2002, defendants moved to dismiss the complaint, based in part on allegations that the complaint did not meet Rule 9(b) pleading requirements. This court, by Order dated December 10, 2002, denied defendant's motion to dismiss.[4] Packaging filed its amended complaint on December 23, 2002, which Defendant answered on January 7, 2003. On May 8, 2003, defendants filed another

---

[3] Defendants King and Hicks were parties to both Asset Purchase Agreements, while AMPAC, Inc., and Printmasters, Inc. were party to their specific Asset Purchase Agreement only. *See* Amend. Compl. at ¶¶ 9-11.

[4] On December 10, 2002, this court concluded that Rule 9(b) may be inapplicable to the case since Packaging disavowed a fraud claim. Turning to the requirements of Rule 8, this court gave Packaging leave to amend the complaint to specifically allege what specific representations had been breached and how such breaches damaged Packaging. Additionally, this Court stated, "If there are alleged misrepresentations other than those in the contract, the time, place, and manner of same should be specifically alleged . . . [as well as] in what manner [Packaging] relied on any such misrepresentations, etc., to its damage."

2

motion to dismiss based on Alabama's first-filed statute, which this court denied on May 19, 2003. Now, defendants have moved to dismiss the amended complaint on Rule 9(b) and 8 grounds.

Packaging's amended complaint alleges that the defendants, jointly and severally, made a number of "false, misleading, incorrect, incomplete, or otherwise inaccurate" representations and warranties to Packaging in violation of defendants' covenants.

A number of these representations and warranties, Packaging alleges, caused it to invest $9.1 million dollars in cash as well as other resources, time, and effort to acquire the companies' assets and undertake the venture, "when it otherwise would not have done so had it been aware of the true state of defendants' financial position and business operations which resulted in damages to [Packaging] in an amount to be fully determined." *See* Amend. Compl. at ¶¶ 15-18, 23-26, 47-52. These representations/warranties included: representations that financial statements attached as Schedule 5.4 to both Asset Purchase Agreements "were true, correct, and complete copies and . . . presented fairly the financial position and results of operation of the Business"; representations that customer lists were accurate and that defendants had no knowledge of customers who "had indicated or threatened . . . to decrease" business with the companies; and representations that no representations in the agreements "contained any untrue statement or fact or omitted any fact necessary in order to make the statements contained therein not misleading in any material respect." *Id.* Specifically, Packaging contends, defendants omitted information about "undergauging" and "undercounting," business practices which artificially inflated their business results and resulted in dissatisfied customers. *Id.* at ¶¶ 49, 52.

Other of defendants' representations and warranties, Packaging alleges, violated

defendants' covenants and "caus[ed] damage to [Packaging] in an amount to be fully determined." *See* Amend. Compl. at ¶¶ 19-22, 27-46, 53-56. These representations/warranties included: representations that all identified inventory was of good and merchantable quality; representations that the companies were at all times compliant with environmental laws; representations that the companies had obtained all necessary environmental permits; representations that the companies had stored or disposed of any hazardous wastes in compliance with "all applicable environmental laws"; representations that the companies had complied with all applicable employment laws and regulations; representations that the companies were not materially violating any laws or regulations; and representations that all acquired assets, including equipment, were in good condition and state of repair. *Id.*

In conclusion, plaintiff argues, "[t]he combined effect of the multiple breaches of warranties and representations by defendants resulted in plaintiff investing substantial effort, time, resources and money in a venture that could not possibly sustain the level of profitability represented without resorting to the manipulative and deceptive trade practices utilized by defendants." *Id.* at ¶ 57.

## LEGAL STANDARD

Defendants now seek to have this lawsuit dismissed under Rule 9(b) and Rule 8 of the Federal Rules of Civil Procedure.

### I.   Rule 9(b)

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "The particularity

rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants against 'spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988) (citation omitted). The application of Rule 9(b), however, "must not abrogate the concept of notice pleading." *Id.* Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997).

**II.      Rule 8**

Rule 8 establishes three pleading requirements: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

## ARGUMENTS

**I.      Defendants' Position**

Defendants contend that Packaging's allegations fall short of the specificity requirements of Rule 9(b) and Rule 8. Packaging's allegations about incorrect financial statements, defendants assert, are conclusory and fail to specify in what way defendants' financial statements were inaccurate or false. Similarly, defendants argue, Packaging's allegations about deficient inventory

5

are too general and fail to identify the specific inventory or how such inventory was deficient.

Defendants similarly object to Packaging's remaining allegations, including Packaging's allegations about incorrect customer lists, non-compliance with environmental laws, failure to obtain required environmental permits, improper storage or disposal of hazardous materials, non-compliance with employment laws, material violations of laws, untrue statements of fact or material omissions in the asset purchase agreements, and the deficient condition of the acquired assets.

According to defendants, the former Fifth Circuit and the Eleventh Circuit have not limited Rule 9(b) to causes of action for fraud. If the plaintiff's underlying allegations are "in the nature of fraud," or charge false and fraudulent conduct, defendants contend, Rule 9(b)'s heightened pleading standard applies.[5] Despite their overt "breach of warranty" claims, defendants argue, the underlying basis of Packaging's complaint is that defendants "falsely and fraudulently misrepresented the condition of the businesses that were sold." Applying the precedents and rationale of *Callander* and *Clausen*, defendants argue, Packaging must meet Rule 9(b)'s pleading requirements, which it does not.[6]

## II.   Plaintiff's Response

Packaging reminds this court of its denials of defendants' previous motions to dismiss. By

---

[5] Defendants cite *Miami Beach Fed. Sav. & Loan v. Callander*, 256 F. 2d 410 (5th Cir. 1958) and *U.S. ex rel Clausen v. Laboratory Corp.*, 290 F.3d 1301 (11th Cir. 2002) as precedent. In *Callander*, a derivative suit challenging the election of new directors, stockholders sought declaratory and injunctive relief. There, the court concluded, "The claimed fraud and duress are not averred with the particularity required by Rule 9(b)." *Callander* at 413. Aside from this statement, the court does not identify whether the complaint alleged a separate fraud cause of action. In *U.S. ex rel. Clausen v. Laboratory Corp.*, the 11th Circuit ruled that Rule 9(b)'s heightened pleading standard applies to statutory claims under the False Claims Act.

[6] Defendants note that Packaging should not be permitted to amend its amended complaint to achieve the requisite particularity because this court already gave Packaging that opportunity.

answering the amended complaint over six months ago, Packaging argues, defendants have waived their right to file the current motion to dismiss. Packaging contends that Rule 9(b) objections are normally waived if not raised[7] and that courts have consistently deemed post-answer Rule 9(b) motions untimely.[8]

Even if timely, Packaging contends, defendants' motion to dismiss is still improper in light of this court's December 10, 2002 ruling, which determined that the complaint must meet Rule 8 rather than Rule 9(b) pleading standards.[9] Relying on the following Supreme Court pronouncement, Packaging further argues that Rule 9(b)'s requirements have been limited to fraud and mistake and should be read narrowly:

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In *Leatherman* we stated: "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius*." 507 U.S., at 168 .... Just as Rule 9(b) makes no mention of municipal liability under ... 42 U.S.C. § 1983 ..., neither does it refer to employment discrimination. Thus, complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a).

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002). In keeping with *Swierkiewicz*, Packaging contends, courts have not applied Rule 9(b)'s heightened pleading standard to breach of contract

---

[7] *See* 5 Fed. Practice & Proc. Civ. 2d § 1300.

[8] Packaging cites a number of mid-western cases for this proposition. *See, e.g., United Nat. Records, Inc., v. MCA, Inc.*, 609 F. Supp. 33, 38-39 (D.C. Ill. 1984); *Davsko v. Golden Harvest Prods., Inc.*, 965 F. Supp. 1467, 1473-74 (D. Kan. 1997).

[9] On December 10, 2002, as noted earlier in this memorandum opinion, this court observed as follows: "Packaging having disavowed a fraud claim, it may be that Rule 9(b) is inapplicable."

7

actions. *See, e.g., Sturm v. Marriott Marquis Corp.*, 26 F. Supp. 2d 1358, 1372 (N.D. Ga. 1998); *TMP Worldwide, Inc. v. Inacom Corp.*, 2001 WL 1819987, at *2 (Bankr. D.Del. Aug. 7, 2001).

Packaging criticizes defendants' reliance upon *Clausen* and *Callander*, observing that neither case involves breach of contract. Furthermore, Packaging explains, the Eleventh Circuit in *Clausen* applied Rule 9(b) to False Claims Act causes of action on account of the Supreme Court's designation of the Act as an anti-fraud statute. As for *Callander*, Packaging contends, the court does not clarify whether the plaintiffs specifically pleaded fraud.[10]

Contrary to defendants' arguments, Packaging asserts, the First Amended Complaint fully complies with this court's December 10, 2002, ruling. Packaging draws the court's attention to details in its amended complaint, including specific allegations of inaccurate representations and warranties, allegations that defendants omitted information about "undergauging" and "undercounting," and allegations that Packaging invested $ 9.1 million in cash, resources, time, and effort in reliance on defendants' representations.[11]

### III. Defendants' Reply

Addressing Packaging's waiver argument, defendants argue that they expressly preserved their rights in the answer, which stated: "[The] Amended Complaint fails to state a claim against the Defendants for which relief may be granted." Failure to state a claim, defendants assert, encompasses failure to comply with notice and pleading requirements. Turning to *Callander* and

---

[10] Wright and Miller criticized *Callander*'s expansion of Rule 9(b) to duress claims. See 5 Fed. Prac. & Proc. Civ. 2d § 1297, n.19.

[11] Packaging contends that the First Amended Complaint goes "above and beyond" Rule 8's requirements. Also, Packaging observes that the amended complaint never alleges "fraudulent misrepresentation," as defendants indicate in their motion to dismiss.

*Clausen*, Defendants repeat their explications of these cases.[12] Although neither case involved causes of action for fraud, defendants maintain, the courts determined that underlying averments of fraud warranted application of Rule 9(b).

Even without Rule 9(b), defendants argue, Packaging's amended complaint does not satisfy this court's December 10 order. Since "[the] Amended Complaint merely recites or paraphrases every single warranty/representation from the underlying contract, and then alleges in a general (not specific) manner that each contractual warranty/representation was somehow false and constituted a misrepresentation by the defendants," defendants contend, Packaging fails to meet the pleading requirements of either Rules 8 or 9(b), to "specifically allege these matters" as required by this court's earlier memorandum opinion, and to provide requisite notice to defendants.

## CONCLUSION

The court concludes that the amended complaint satisfies Rule 8 requirements and that Rule 9(b) is not applicable. The motion will be denied.

This 28th of August, 2003.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[12] Despite negative commentary, defendants note, *Callander* is still good law and binding precedent.